IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED CUTLERY CORPORATION,

    Plaintiff,

v.

WHOLESALE GALLERY, INC.,

    Defendant.

CIVIL ACTION FILE NO.:
4:13-CV-0242-HLM

## ORDER

This case is before the Court on Plaintiff's "Motion to Compel Defendant Wholesale Gallery, Inc.'s Responses to Plaintiff's First Set of Requests for Admissions, First Set of Interrogatories and First Set of Request[s] for Production of Documents" ("Motion to Compel") [20].

AO 72A

(Rev.8/8
2)

# I.   Background

## A.   Procedural Background

Plaintiff filed this lawsuit on October 8, 2013, alleging trademark infringement (Compl. (Docket Entry No. 1) ¶¶ 36-76), copyright infringement (id. ¶¶ 77-83), unfair competition (id. ¶¶ 84-88), and dilution (id. ¶¶ 89-106) associated with Defendant's operation of the website <swordsswords.com> ("Defendant's Website").

On June 9, 2014, Plaintiff filed the instant Motion to Compel. (Docket Entry No. 20.) Defendant responded on June 26, 2014 (Docket Entry No. 25), and on July 11, 2014, Plaintiff filed its reply (Docket Entry No. 26). On July 16, 2014, Plaintiff filed a Motion for Sur-reply. (Docket Entry No. 27.) The Court granted that Motion, allowing Plaintiff seven

2

days to file the requested additional brief. (Docket Entry No. 29.) On July 24, 2014, <u>eight days</u> after being granted leave to file, Plaintiff filed its sur-reply.[1] (Docket Entry No. 30.) Consequently, the Court finds the briefing process is complete, and Plaintiff's Motion to Compel is ripe for resolution.

## B.  Discovery Requests

The instant Motion consists of nine single-spaced pages of requests for admission, interrogatories, and requests for production which Plaintiff alleges Defendant refused to adequately answer. (<u>See generally</u> Mot. Compel (Docket Entry No. 20).) The requests, and the disputed responses, are as follows:

---

[1] The Court exercises its discretion to review the arguments made in Plaintiff's sur-reply despite the late filing by Plaintiff.

3

REQUEST FOR ADMISSIONS NO. 5: That [Defendant's Website] has used the mark WE ARE THE BUMP IN THE NIGHT in connection with goods.

WHOLESALE'S RESPONSE: As presently advised, denied.

REQUEST FOR ADMISSIONS NO. 6: That [Defendant's Website] has used the mark DEAD AND NOT DEAD ENOUGH in connection with goods.

WHOLESALE'S RESPONSE: As presently advised, denied.

INTERROGATORY NO. 12: State the amount of sales that Defendant has obtained on goods disclosed in [Defendant's Website] identified by the ELITE FORCES designation.

WHOLESALE'S RESPONSE: Objected to as premature and irrelevant.

INTERROGATORY NO. 13: State the amount of sales that Defendant has obtained on goods disclosed in [Defendant's Website] identified by the ONE SHOT ONE KILL designation.

WHOLESALE'S RESPONSE: Objected to as premature and irrelevant.

AO 72A

(Rev.8/8
2)

INTERROGATORY NO. 14: State the amount of sales that Defendant has obtained on goods disclosed in [Defendant's Website] identified by the WE ARE THE BUMP IN THE NIGHT designation.

WHOLESALE'S RESPONSE: Objected to as premature and irrelevant.

INTERROGATORY NO. 15: State the amount of sales that Defendant has obtained on goods disclosed in [Defendant's Website] identified by the DEAD AND NOT DEAD ENOUGH designation.

WHOLESALE'S RESPONSE: Objected to as premature and irrelevant.

INTERROGATORY NO. 16: State the amount of sales that Defendant has obtained on goods disclosed in [Defendant's Website] identified by the SOA designation.

WHOLESALE'S RESPONSE: Objected to as premature and irrelevant.

INTERROGATORY NO. 19: Identify all references including electronic references in [Defendant's Website] to United and/or United Cutlery website.

WHOLESALE'S RESPONSE: None are presently known. However, United is invited to observe the

AO 72A
(Rev.8/8
2)

website, and to draw its own conclusions. In any event, if United were to find any such items, it is respectfully requested to so advise, inasmuch as Defendant wants nothing further to do with United.

INTERROGATORY NO. 21: Identify any document in Defendant's possession that refers to the named Plaintiff in the Complaint.
WHOLESALE'S RESPONSE: Objected to as (i) unintelligible, and/or (ii) vastly overly broad.

REQUEST NO. 4: All originals or copies of all advertising and/or packaging of Defendant directed to Defendant's use of the words ONE SHOT ONE KILL.
WHOLESALE'S RESPONSE: The responses set forth in the answers to Interrogatories are respectfully incorporated by reference herein. Defendants will produce un-objected to, relevant and material, non-privileged documents, if any, at a time and place and in a format agreed upon between the parties, and upon entry of a suitable Protective Order.

REQUEST NO. 5: All originals or copies of all advertising and/or packaging of Defendant directed to Defendant's use of the words WE ARE THE BUMP IN THE NIGHT.

AO 72A
(Rev.8/8
2)

WHOLESALE'S RESPONSE: The responses set forth in the answers to Interrogatories are respectfully incorporated by reference herein. Defendants will produce un-objected to, relevant and material, non-privileged documents, if any, at a time and place and in a format agreed upon between the parties, and upon entry of a suitable Protective Order.

REQUEST NO. 6: All originals or copies of all advertising and/or packaging of Defendant directed to Defendant's use of the words DEAD AND NOT DEAD ENOUGH.

WHOLESALE'S RESPONSE: The responses set forth in the answers to Interrogatories are respectfully incorporated by reference herein. Defendants will produce un-objected to, relevant and material, non-privileged documents, if any, at a time and place and in a format agreed upon between the parties, and upon entry of a suitable Protective Order.

REQUEST NO. 7: All originals or copies of all advertising and/or packaging of Defendant directed to Defendant's use of the letters SOA.

WHOLESALE'S RESPONSE: The responses set forth in the answers to Interrogatories are respectfully incorporated by reference herein.

7

Defendants will produce un-objected to, relevant and material, non-privileged documents, if any, at a time and place and in a format agreed upon between the parties, and upon entry of a suitable Protective Order.

REQUEST NO. 8: All advertising and/or signage showing the first date of use in the United States for the mark ELITE FORCES by Defendant.

WHOLESALE'S RESPONSE: The responses set forth in the answers to Interrogatories are respectfully incorporated by reference herein. Defendants will produce un-objected to, relevant and material, non-privileged documents, if any, at a time and place and in a format agreed upon between the parties, and upon entry of a suitable Protective Order.

REQUEST NO. 9: All advertising and/or signage showing the first date of use in the United States for the mark SOA by Defendant.

WHOLESALE'S RESPONSE: The responses set forth in the answers to Interrogatories are respectfully incorporated by reference herein. Defendants will produce un-objected to, relevant and material, non-privileged documents, if any, at a time and place and in a format agreed upon

between the parties, and upon entry of a suitable Protective Order.

REQUEST NO. 10: All advertising and/or signage showing the first date of use in the United States for the mark ONE SHOT ONE KILL by Defendant. WHOLESALE'S RESPONSE: The responses set forth in the answers to Interrogatories are respectfully incorporated by reference herein. Defendants will produce un-objected to, relevant and material, non-privileged documents, if any, at a time and place and in a format agreed upon between the parties, and upon entry of a suitable Protective Order.

REQUEST NO. 11 : All advertising and/or signage showing the first date of use in the United States for the mark WE ARE THE BUMP IN THE NIGHT by Defendant. WHOLESALE'S RESPONSE: The responses set forth in the answers to Interrogatories are respectfully incorporated by reference herein. Defendants will produce un-objected to, relevant and material, non-privileged documents, if any, at a time and place and in a format agreed upon between the parties, and upon entry of a suitable Protective Order.

AO 72A
(Rev.8/8
2)

REQUEST NO. 12: All advertising and/or signage showing the first date of use in the United States for the mark DEAD AND NOT DEAD ENOUGH by Defendant.

WHOLESALE'S RESPONSE: The responses set forth in the answers to Interrogatories are respectfully incorporated by reference herein. Defendants will produce un-objected to, relevant and material, non-privileged documents, if any, at a time and place and in a format agreed upon between the parties, and upon entry of a suitable Protective Order.

REQUEST NO. 13: All documents relating to the adoption and development of [Defendant's Website].

WHOLESALE'S RESPONSE: Objected to as ambiguous. Objected to as irrelevant, beyond the scope of the issues herein, not likely to lead to the production of admissible evidence, overly broad and unduly harassing. Moreover, it is noted that no allegation is made against the vast majority of this website. Hence, if Plaintiff would choose to narrow this Request to something more pertinent that a sorting through of all of defendant's documents, the Defendant would be pleased to consider a further response.

10

REQUEST NO. 16: All documents directed to cease and desist letters received by Defendant concerning copyright and trademark matters.
WHOLESALE'S RESPONSE: Objected to as ambiguous. Objected to as irrelevant, beyond the scope of the issues herein, not likely to lead to the production of admissible evidence, overly broad and unduly harassing.

(See Br. Supp. Mot. Compel (Docket Entry No. 20-1) at 2-9 (emphasis omitted).)

## C.   Communications Among Counsel

Plaintiff attached a letter from Defendant's counsel that Plaintiff characterizes as Defendant's refusal to respond to the discovery requests enumerated above. (See Mot. Dismiss Ex. 1 (Docket Entry No. 20-2).) However, the letter is a rejection of a settlement offer, and does not discuss discovery. (See generally id. ("In summary, we must reject [Plaintiff's] settlement demand, and reciprocally demand

11

that the case be dismissed – immediately, and with prejudice.").

## III.   Discussion

### A.   Parties' Positions

#### 1.   Plaintiff's Motion

With regard to the Requests for Admission, Plaintiff's issue with Defendant's response is unclear. Plaintiff states that "a denial must fairly respond to the substance of the matter," but does not specify why Defendant's denials do not adequately respond to the requests. (Mot. Compel at 2.)

With regard to Interrogatories 12, 13, 14, 15, and 16 (the "Sales Interrogatories"), Plaintiff argues that sales derived from infringing goods are necessary to calculate

12

damages and prove its unfair competition claim. (Mot. Compel at 3-4.)

With regard to Interrogatory Number 19, Plaintiff argues that Defendant's response is contradictory to testimony given by Defendant's 30(b)(6) representative Kyle Adams in his deposition. (Mot. Compel at 4.) However, no evidence of this deposition testimony is included with the Motion.

With regard to Interrogatory Number 21, Plaintiff disputes Defendant's assertion that the request is unintelligible or overbroad. (Mot. Compel at 4-5.)

With regard to Requests for Production 4 through 12 (the "Advertising Requests"), Plaintiff essentially contends that the protective order entered into on December 9, 2013,

13

made Defendant's objections moot. (Mot. Compel at 5-9; see also Protective Order (Docket Entry No. 12).)

Finally, Plaintiff asserts that the documents relating to the development of Defendant's Website and any cease and desist orders requested in Requests for Productions numbers 13 and 16 are relevant. (Mot. Compel at 9.)

### 2. Defendant's Response

With regard to the Requests for Admission, Defendant re-emphasizes his denials and asserts that it is within the rule to qualify the denial with the phrase "as presently advised." (Def.'s Resp. Mot. Compel (Docket Entry No. 25) at 3-4.)

With regard to the Sales Interrogatories, Defendant states that it "has produced business documents containing

14

this information" and cites to attached redacted exhibits. (Def.'s Resp. Mot. Compel at 4-6, Exs. A & B.)

With regard to Interrogatory Number 19, Defendant essentially argues that Plaintiff can click around the links on Defendant's Website just as easily as Defendant can. (Def.'s Resp. Mot. Compel at 6-7.) Defendant also argues that Defendant's Website "justifiably contain[s] references to [Plaintiff] and virtually every other major producer of cutlery in the United States, as it deals in their goods." (Id. at 7.)

With regard to Interrogatory Number 21's requests for any documents referring to Plaintiff, Defendant states that "[b]lanket requests and fishing expeditions of this ilk are improper." (Def.'s Resp. Mot. Compel at 7.)

15

With regard to the Advertising Requests, Defendant states that there are no documents evidencing Defendant's advertising of the disputed trademarks. (Def.'s Resp. Mot. Compel at 7-11.)

With regard to Request for Production Number 13, Defendant argues that it is irrelevant because the date Defendant started operating Defendant's Website has no link to when any accused infringement occurred. (Def.'s Resp. Mot. Compel at 11-12.) Further, Defendant argues that if Plaintiff wanted to know when Defendant created Defendant's Website, Plaintiff should have asked during deposition. (Id. at 12.)

Finally, with regard to Request for Production Number 16, Defendant argues that any previously received cease

16

and desist letters are not relevant to the instant litigation.

(Def.'s Resp. Mot. Compel at 12-13.)

### 3.   Plaintiff's Reply

Plaintiff's reply essentially restates its initial positions.

Plaintiff asserts that Defendant's denials of Requests

for Admission Numbers 5 and 6 are defective because

"[w]hile Defendant may qualify an answer, Defendant must

also specify the part admitted and qualify or deny the rest."

(Pl.'s Reply (Docket Entry No. 26) at 3.)

Plaintiff states that it has not received the documents

that Defendant asserts have been produced in response to

the Sales Interrogatories. (Pl.'s Reply at 4-6.)

With regard to Interrogatory Number 19, Plaintiff states

that   "Defendant's   arguments   of   'justification'   are

17

nonresponsive and, moreover, are irrelevant to Defendant's [discovery] obligations." (Pl.'s Reply at 7.)

With regard to Interrogatory Number 21, Plaintiff states that "[d]ocuments referencing Plaintiff, including correspondence with third parties which referenced Plaintiff, are discoverable." (Pl.'s Reply at 7.)

Plaintiff essentially argues that Defendant's responses to the Advertising Requests are untruthful. (Pl.'s Reply at 8 ("Defendant's assertion that there are no responsive documents is disingenuous as best.").)

With regard to Request for Production Number 13, Plaintiff argues that "the documents used and/or referenced by Defendant in the development of its website are relevant as such documents could, and likely will, show Defendant's

18

acts of infringement of Plaintiff's marks." (Pl.'s Reply at 9) Further, Plaintiff asserts that Defendant's position that Plaintiff should have asked about the creation of the website in depositions instead of referencing it in interrogatories "is quite simply ludicrous." (Id. at 9.)

Finally, with regard to Request for Production Number 16, Plaintiff asserts that "[t]he documents requested go to a pattern and practice of infringement on the part of Defendant and are relevant to whether Defendant acted in good faith." (Pl.'s Reply at 9.)

### 4.   Plaintiff's Sur-reply

In requesting its sur-reply, Plaintiff asserted that, in between filing its reply and filing the instant Motion, it discovered that, on June 26, 2014, Defendant emailed

19

documents to one of Plaintiff's counsel's email accounts that is "not regularly used or monitored."[2] (Mot. Sur-reply (Docket Entry No. 27) ¶ 4.) Apparently, upon reading Defendant's response in which Defendant stated certain documents were produced, no effort was made to call Defendant's counsel and ask where said documents were. Instead, Plaintiff filed its reply asserting that no documents were produced, only to request a sur-reply days later. Nonetheless, in hopes of avoiding a second motion to compel, the Court will address the contentions in Plaintiff's sur-reply.

---

[2]The Court notes that this allegedly unmonitored account is listed as Plaintiff's counsel's contact email on its website. See GIPPLE & HALE, http://gipplehale.com/ (listing GippleHale@GippleHale.com as Plaintiff's counsels email address).

20

Plaintiff's sur-reply addresses only the Sales Interrogatories. (<u>See</u> Pl.'s Sur-reply at 3-8.) Plaintiff's problem is the same with each of Defendant's responses to each Sales Interrogatory. Plaintiff states that "Defendant's response[s] to [the Sales Interrogatories] [are] wholly deficient, and Defendant's purported production of documents by email fails to meet the requirements of [Federal Rule of Civil Procedure] 33(d), as well as [Federal Rule of Civil Procedure] 34(b)(2)(E) which requires that documents be produced either as they are kept in the ordinary course of business or organized and labeled to correspond with the categories in the request." (<u>Id.</u> at 4; <u>see also</u> <u>id.</u> at 4-8 (repeating the same complaints).)

21

## B.   Discussion

### 1.   Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).  Rule 26(b)(2)(C), in turn, states:

22

On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i)     the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii)   the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Federal Rule of Civil Procedure 37(a)(1) provides:

On notice to other parties and all affected persons, a party may move for an order compelling

> disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).  Rule 37(a)(3)(B) allows "[a] party seeking discovery" to file a motion to compel if, among other things, "a party fails to answer an interrogatory submitted under Rule 33" or a party fails to respond to a request for production.  Fed. R. Civ. P. 37(a)(3)(B).  For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).

The discovery "[p]roponents must show relevance." Southard v. State Farm Fire & Cas. Co., No. CV411-243,

24

2012 WL 2191651, at *2 (S.D. Ga. June 14, 2012).  One

court observed:

> The relevancy showing "progresses in layers.
> When the discovery appears relevant on its face,
> the party resisting it must show the lack of
> relevance by demonstrating that it: (1) does not
> come within the broad scope of relevance as
> defined under [the] discovery rule[s]; or (2) is of
> such marginal relevance that the potential harm
> the discovery may cause would outweigh the
> presumption in favor of broad disclosure.  When
> the relevancy of a discovery request is <u>not</u>
> apparent on the face of the request, then the party
> seeking the discovery has the burden to show its
> relevancy."

<u>Id.</u> at 2 n.4 (emphasis in original) (quoting <u>Zorn v. Principal</u>

<u>Life Ins. Co.</u>, No. CV 609-081, 2010 WL 3282982, at *2

(S.D. Ga. Aug. 18, 2010)).

25

### 2. Application

### a. Initial Matters

As an initial matter, the Court notes that there is no indication whatsoever that the Parties attempted to sort out these discovery issues in good faith prior to Plaintiff's filing of the instant Motion. The letter from Defendant cited to by Plaintiff as evidence of its counsel's good faith conferral, and the conferral's ultimate failure, is headed "Re: Bud K settlement demand" and fails to mention any of the disputed discovery requests. (See Mot. Compel Ex. 1 (Docket Entry No. 20-2) at 2-4.) This failure to confer is plainly evident in the Motion and responses, which initially failed to even agree on whether and what documents have been exchanged by the parties. (Compare Def.'s Resp. at 4-6

(stating that Defendant provided documents to Plaintiff) with Pl.'s Reply at 4-6 (stating that Plaintiff is yet to receive any responsive documents).) Indeed, the only reason Plaintiff's sur-reply had to be requested was because of the Parties' counsel's inability to communicate with each other. The Court could deny the instant Motion on these grounds alone. Nonetheless, in the interests of resolving this lawsuit as expediently as possible, the Court will venture to sort out the Parties' issues below.

### b.   Requests for Admission

Plaintiff takes issue with Defendant's denial of Requests for Admission 6 and 7. Plaintiff argues that "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part

27

admitted and qualify or deny the rest." (Mot. Compel at 2.) However, it appears that Defendant has denied the disputed Requests for Admission in full. (Id.) It is unclear to the Court what more Plaintiff wants. Consequently, Plaintiff's Motion is Denied with respect to Requests for Admission Numbers 5 and 6.

### c.   The Sales Interrogatories

Federal Rule of Civil Procedure 34(b)(2)(E) requires Parties to "produce documents as they are kept in the usual course of business or must organize and label them to correspond to categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). Further, "If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily

28

maintained or in a reasonably usable form." Fed. R. Civ. P. 34(b)(2)(E)(ii). The Court fails to see, and Plaintiff does not explain, why an email containing PDFs of requested documents is not a form in which documents are ordinarily maintained or a reasonably usable form. Indeed, Plaintiff does not specify how else it would like to receive documents. The Court consequently denies Plaintiff's Motion to the extent it complains of the form in which requested documents were provided.

To the extent Plaintiff complains that the documents are not labeled to correspond to the categories in the request, the Court agrees that the documents provided appear to be unlabeled spreadsheets containing myriad sales information that may or may not be related to

29

Plaintiff's requests. (See generally Def.'s Resp. Exs. A-F (Docket Entry Nos. 25-1 through 25-6).) The Court consequently directs Defendant to supplement the produced spreadsheets with an explanation of exactly what the spreadsheets contain and which requests they are responsive to.

### d.   Interrogatory Number 19

Plaintiff requests certain "electronic references" contained in Defendant's Website. (Mot. Compel at 4.) Plaintiff asserts that deposition testimony of Defendant's representative Kyle Adams stated that "Defendant coded references to [Plaintiff] into Defendant's [W]ebsite." (Pl.'s Reply at 6.) However, Plaintiff does not provide the Court with the relied upon deposition testimony. Further it is

30

unclear to the Court exactly what Plaintiff means by the term "electronic references." (Mot. Compel at 4.) To the extent Plaintiff requests information about the links on Defendant's Website, Plaintiff does not demonstrate why it cannot access those links itself. To the extent Plaintiff requests links that once existed but are no longer there, Plaintiff must make that clear in its request and include the specified time frame in which it is interested. Consequently, Plaintiff's Motion is denied with respect to Interrogatory Number 19.

### e.    Interrogatory Number 21

Plaintiff's request "for any document in Defendant's possession that refers to the named Plaintiff in the Complaint" is overbroad. (Mot. Compel at 4.) Plaintiff must specify what kind of documents it requests, why they are

31

relevant, and place some kind of relevant temporal limitation on the request. Consequently, Plaintiff's Motion is denied with respect to Interrogatory Number 21.

### f.   The Advertising Requests

Plaintiff requests various documents related to advertising created by Defendant and directed toward Plaintiff's disputed marks. (Mot. Compel at 5-9.) Defendant states that it has no such documents. (Def.'s Resp. at 7-11.) Plaintiff states that "Defendant's response to the[se] Request[s] is nonresponsive and improper." (Pl.'s Reply at 8.) However, Plaintiff presents no evidence of the disputed documents, and the Court has no reason to find that Defendant's assertion of their nonexistence is a lie. (See generally Mot. Compel; Pl.'s Reply.) The Court cannot

32

compel the production of something that does not exist. Consequently, Plaintiff's Motion is denied with respect to the Advertising Requests.

### g. Request for Production Number 13

Plaintiff's request for "[a]ll documents relating to the adoption and development of [Defendant's Website]" is overbroad. Neither the instant Motion nor the Complaint make clear why the initial development of Defendant's Website is at all related to this case. Plaintiff states that "documents used and/or referenced by Defendant in the development of its website are relevant as such documents could, and likely will, show Defendant's acts of infringement of Plaintiff's marks and of unfair competition." (Pl.'s Reply at 9.) However, Plaintiff's conclussory assertion that such

33

AO 72A
(Rev.8/8
2)

documents could show infringement, without more, does not make them discoverable. Notably, there is no assertion in the Complaint or elsewhere that the time period in which the alleged infringement occurred overlapped at all with Defendant's initial website creation. Consequently, Plaintiff's Motion is denied with respect to Request for Production Number 13.

### h. Request for Production Number 16

Finally, Plaintiff's Request for Production Number 16 is overbroad. This lawsuit is about Defendant's alleged infringement of Plaintiff's marks. Whether Defendant did or did not receive cease and desist letters from third parties is not relevant. Further, Plaintiff places no temporal restrictions on its request. Consequently, Plaintiff's Motion

34

is denied with respect to Request for Production Number 16.

## IV.  Conclusion

ACCORDINGLY, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Compel [20]. Defendant is **DIRECTED** to supplement its discovery as outlined in the body of this Order, and must do so within **FOURTEEN (14) DAYS**. Plaintiff's Motion is **DENIED** in <u>all other respects</u>.

IT IS SO ORDERED, this the 14 day of July, 2014.

_____
UNITED STATES DISTRICT JUDGE

35